IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Anthony Ray Price, | ) | |
| | ) | |
| | ) | Criminal Action: 6:06-cr-00394-JMC-1 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 44.) Petitioner seeks relief from his sentence under *United States v. Johnson*, 135 S. Ct. 2551 (2015).[1] (*See* ECF No. 40 at 1.) For the reasons stated below, the court **DENIES** Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 44).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 11, 2006, Petitioner was indicted for being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and possessing crack cocaine with the intent to distribute, 21 U.S.C. § 841(a). (ECF No. 1.) On March 2, 2007, Petitioner pled guilty to being a felon in possession of a firearm (ECF No. 24) and was sentenced to 180 months imprisonment and five (5) years of supervised release (ECF No. 28). On January 25, 2016, this case was reassigned to the undersigned and Petitioner filed a Motion to Appoint Counsel in order that he may seek relief under *Johnson*. (ECF No. 40.) On March 16, 2016, the court granted Petitioner's Motion to Appoint Counsel (ECF No. 40). (ECF No. 42.) On June 20, 2016, Petitioner filed a *pro se* Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 44), and on July 19, 2016, the government responded (ECF No. 47).

---

[1] Petitioner moved for relief under *Johnson* within his Motion to Appoint Counsel (ECF No. 40).

1

## II. LEGAL STANDARD

In order to move for relief under 28 U.S.C. § 2255, Petitioner must plead that he was sentenced "(1) in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, or (4) that his sentence is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Pursuant to 28 U.S.C. § 2255(f), a petitioner has one year from the time his or her conviction becomes final to file a motion under this section, or one year from "the date on which the right asserted was initially recognized by the United States Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2255(f)(1),(3).

Because Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* plaintiff's "inartful pleadings" may be sufficient enough to provide the opportunity to offer supporting evidence.)

## III. ANALYSIS

Petitioner does not provide much support for the reason his sentence should be vacated, but liberally construing Petitioner's claim it seems that Petitioner asserts that his sentence is now in excess of the maximum authorized by law because he would not have fallen under the Armed Career Criminal Act ("ACCA") given the Supreme Court's holding in *Johnson*. *See* 28 U.S.C. § 2255(a). As to the timeliness of Petitioner's Motion, the court presumes that Petitioner asserts that his Motion is timely pursuant to 28 U.S.C. § 2255(f)(3), given the new right recognized in *Johnson*.

In *Johnson v. United States*, the United States Supreme Court held that the residual clause of the ACCA was unconstitutionally vague in violation of the Fifth Amendment Due Process Clause. 135 S. Ct. at 2563. The residual clause states that a violent felony could include "[crimes that involve] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. §924(e)(2)(B). *Johnson* was decided on June 26, 2015, and presented a new right for people who were sentenced to a mandatory minimum sentence of fifteen (15) years when a court utilized the residual clause of the statutory definition of violent felony.[2] In *Welch v. United States*, the Supreme Court held that *Johnson* had a retroactive effect in cases on collateral review. 136 S. Ct. 1257, 1268 (2016).

Petitioner seeks relief under *Johnson*, but its holding does not affect Petitioner's sentence because Petitioner's sentence was based on his previous serious drug offenses. In *Johnson*, the Supreme Court only ruled on the ambiguity of the residual clause within the statutory definition of violent felony under 18 U.S.C. § 924(e)(2)(B)(ii). *Johnson*, 135 S. Ct. at 2563. The Supreme Court did not address the statutory definition of "serious drug offense"[3] or call into question any other part of the statutory definition of violent felony. *Id*. Therefore, in his Motion, Petitioner cannot assert the new right recognized in *Johnson*, ultimately making his motion untimely under

---

[2] *See* 18 U.S.C. § 924(e)(1) ("In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and *imprisoned not less than fifteen years*, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).") (emphasis added).

[3] The term "serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

3

28 U.S.C. § 2255(f).[4] Moreover, the Supreme Court's holding in *Johnson* would not change Petitioner's status because Petitioner was convicted of three (3) prior "serious drug offenses" which establishes that Petitioner could be sentenced under the ACCA.[5] *See* 18 U.S.C. § 924(e)(1).

## IV. CONCLUSION

For the reasons stated above, the court **DENIES** Petitioner's Motion to Vacate under 28 U.S.C. § 2255.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

---

[4] Petitioner's claim cannot fall under the auspices of 28 U.S.C. § 2255(f)(3), thus the one-year time period after *Johnson* in which to file his Motion is not applicable. *See United States v. Brown,* 868 F.3d 297, 304 (4th Cir. 2017) ("[The Fourth Circuit is] compelled to affirm [the untimeliness of the petitioner's motion regarding the residual clause of the mandatory Sentencing Guidelines] because only the Supreme Court can recognize the right which would render Petitioner's motion timely under § 2255(f)(3).") Since Petitioner cannot assert the new right recognized in *Johnson*, Petitioner's claim must be timely under another subsection of 28 U.S.C. § 2255(f). The only other subsection that would be applicable to Petitioner's claim is 28 U.S.C. § 2255(f)(1). However, Petitioner's Motion would be untimely under this subsection because he pled guilty in 2007 and this Motion was filed well beyond the one-year statute of limitations set forth under 28 U.S.C. § 2255(f)(1).

[5] In 1995, Petitioner pled guilty to possession with intent to distribute cocaine on two different occasions and received a YOA ("Youthful Offender Act") sentence on both occasions which meant that he could only be incarcerated for a maximum of six (6) years. (ECF No. 25 at 5 ¶ 11, 7 ¶ 13); *see* S.C. Code Ann. § 24-19-50 (1996). In 1997, Petitioner pled guilty to possession with intent to distribute cocaine. (*Id.* at 9 ¶ 17.) Pursuant to S.C. Code Ann. § 44-53-375(B)(1)(2016), Petitioner could have been sentenced to a term of imprisonment of not more than fifteen (15) years for his first offense, with the minimum term of imprisonment increasing with each subsequent offense. The fact that Petitioner received a YOA sentence does not remove Petitioner's convictions from the purview of 18 U.S.C. § 924(e)(2)(A)(ii). *See United States v. Sellers*, 806 F.3d 770, 777 (4th Cir. 2015) ("[A] prior South Carolina conviction for which a defendant received a YOA sentence of an indefinite period of confinement not to exceed six years qualifies as a predicate for a federal sentence enhancement where the statute of conviction prescribes a qualifying term of imprisonment.")

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable judges would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See, e.g., Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 26, 2018
Columbia, South Carolina